SAM SPAHR, APPELLEE, V. JOE J. GODFREY ET AL.: JOHN BRADY, APPELLANT.

FILED MARCH 6, 1936. No. 29573.

*Fred A. Nye,* for appellant.

*O. A. Drake, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

GOOD, J.

This is an action in ejectment, to recover possession of the south half of section 16, township 8, north, range 14, west, in Buffalo county, and for its rental value for the time possession was wrongfully withheld from plaintiff. De-

fendant Brady in his answer denied plaintiff's title and asserted title in himself. Defendants Godfrey disclaimed any interest in the land other than as tenants of Brady. Trial of the issues was had to the court without a jury, and resulted in a judgment for plaintiff for possession of the land and for $400 as rental value during the time it was withheld from plaintiff. Defendant Brady has appealed.

The land in question is a part of the state school lands. Plaintiff bases his right to possession on a lease issued to him, March 1, 1934, by the commissioner of public lands and buildings, pursuant to an order of the board of educational lands and funds. Brady asserts title by virtue of three land purchase contracts from the state of Nebraska. Two of the contracts are dated in 1890 and cover the south half of the southwest quarter of said section 16. These contracts were originally issued to defendant Brady. In 1903 he assigned these contracts to Helen Brady, and in 1928 she assigned them to his brother, Edward Brady, of Seattle, Washington. The third contract was dated in 1905 and was originally issued to Helen Brady, and covered the southeast quarter and the north half of the southwest quarter of said section 16. In 1928 she assigned the contract to Edward Brady.

It appears that at the time each of these contracts was executed one-tenth of the purchase price was paid, and no part of the principal of the purchase price, other than such payment, has ever been paid. The maturity date of these contracts was from time to time extended, the last extension being in 1930 for a period of five years. It appears that the interest upon the deferred payments on the first two contracts was paid to the 1st of January, 1930, and the interest on the third contract was paid to the 1st of January, 1931.

By the provisions of section 72-219, Comp. St. 1929, if a purchaser of educational lands be in default for one year of the annual interest due the state, the commissioner of public lands and buildings shall cause notice to be given to such delinquent purchaser, and if such delinquency is not

paid within 90 days from the date of the service of such notice his sale contract will be declared forfeited by the board of educational lands and funds. Each of the contracts was subject to forfeiture after the 1st day of January, 1932.

In July, 1933, these several contracts were declared forfeited by the board of educational lands and funds because of default in the payment of principal and interest. In February, 1934, the lands were advertised for lease at public auction, pursuant to the provisions of section 72-219, Comp. St. 1929, at which plaintiff was the highest bidder and became entitled to a lease from the board of educational lands and funds. Pursuant to his bid, the lease was duly executed to him on the 1st of March, 1934.

In 1933 the legislature passed an act for the extension of time on delinquent school land leases, which act provided: "That past-due or delinquent payments on school land leases or sale contracts may be extended: Provided, the contract owner signs a note in amount of rental or interest delinquent on July 1, 1933, secured by assignment of lease or sale contract by contract owner to the school fund of the state of Nebraska, * * * which contract and assignment shall be deposited with the commissioner of public lands and buildings, with payment of rentals or interest on said contract for the last six months of 1933 : Provided, said payment shall be made before it becomes delinquent. Said note shall mature on or before December 31, 1934, and draw interest at the rate of five per cent. payable annually. If said note and interest shall be paid on or before maturity, the assignment shall be null and void. In case of default in payment of the note or interest thereon at maturity, the assignment shall vest in the state of Nebraska, without further action or notice." Comp. St. Supp. 1935, sec. 72-241.

Defendant Brady asserts that he complied with this provision by executing, or having his brother Edward execute, a note and assignment of the contracts, and tendered payment of interest for the last half of 1933, which matured

on the 1st day of July, 1933. However, the record discloses that this payment was not made or tendered to the treasurer of Buffalo county until the 5th day of July, 1933. Clearly, defendant Brady did not comply with the provision of the statute to entitle him to the benefit of this legislative act. He was also entitled, under the law, to redeem at any time prior to the advertising of the lands for lease at public auction, by paying the delinquencies, fees and costs, as provided in section 72-219, Comp. St. 1929. This he failed to do.

Defendant Brady also contends that service of notice of cancelation of the contract by the commissioner of public lands and buildings was insufficient in that it did not comply with the statute in force at the time the first two contracts were entered into. The statute then in force provided: "In case the owner of such contract of sale * * * be a nonresident of this state, or his address be unknown, the notice herein contemplated shall be published three weeks in some newspaper published or in general circulation in the county where the land is situated" (Laws 1885, ch. 85, sec. 16), and that the notice given to Edward Brady was not given by publication, but was given to him by registered mail.

The present statute (Comp. St. 1929, sec. 72-219) provides: "The service of the notice herein contemplated to be made by registered letter. In case the post office address of the owner of such contract of sale or lease be unknown the notice herein contemplated shall be published three weeks in some newspaper published, or of general circulation, in the county where the land is situated." By the terms of the statute, it is made applicable to contracts of sale previously issued, as well as to those made thereafter. We are unable to perceive where defendant Brady or his brother Edward was in any wise prejudiced by failure to publish the notice for three weeks in a newspaper. The record discloses that Edward had actual notice by registered mail. We think that it was within the power of the legislature to change the manner of the giving of the notice.

The change effected by the statute was in no manner detrimental or injurious to the holder of the contract.

It seems clear from the record that the forfeiture declared by the board of educational lands and funds had become complete; that neither defendant John Brady nor his brother, Edward Brady, who held title by assignment of the contracts, has any title to the lands, and it also appears that the lease to plaintiff was valid and entitled him to possession of the land. No complaint is made as to the money judgment in the event plaintiff was entitled to the possession of the land.

It appears beyond question that the judgment rendered was in all respects in conformity with the law, and it is, therefore,

AFFIRMED.